IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLLY MAGALENGO, on behalf of her daughter, A.M., a minor,<br>　　　　　　Plaintiff<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, PENNSYLVANIA INTERSCHOLASTIC ATHLETIC ASSOCIATION, INC., QUAKERTOWN COMMUNITY SCHOOL DISTRICT, and COLONIAL SCHOOL DISTRICT,<br><br>　　　　　　Defendants | Civil Action No. 2:25-cv-00325 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT COLONIAL SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Colonial School District ("CSD"), by and through its attorneys, Fox Rothschild, LLP, respectfully submits this memorandum of law in support of its contemporaneously filed Motion to Dismiss the Complaint by Plaintiff, Holly Magalengo ("Plaintiff") on behalf of A.M., pursuant to Rule 12(b)(6).

**I.　STATEMENT OF FACTS**

This case concerns claims brought by a parent, the Plaintiff in this action, pursuant to 42 U.S.C. § 1983, on behalf of her minor child, A.M., who is a student at Quakertown Community High School ("QCHS") in the Quakertown Community School District and is a member of the girls' cross country team. On January 20, 2025, Plaintiff filed the Complaint, on behalf of her

daughter, A.M., against CSD, alleging CSD[1] violated the Fourteenth Amendment by allowing one of its students, L.A., a transgender girl, to compete on the girls' cross country team. (ECF No. 1).

Plaintiff alleges that on September 11, 2024, A.M. and L.A., who Plaintiff contends is a "biological male", ran competitively against each other in a cross country meet between Plymouth Whitemarsh High School, a high school within CSD, and QCHS. (ECF No. 1 at ¶¶ 14, 18). L.A. came in first in that race and A.M. took second place. (ECF No. 1 at ¶ 20). After the September 11, 2024 race, Plaintiff reached out to QCHS "for support in removing biological males from competing in female sports and protecting female athletes." (ECF No. 1 at ¶ 23). The QCHS Athletic Director responded explaining the Pennsylvania Interscholastic Athletic Association, ("PIAA") Bylaws, which stated at the time that when a student athlete's gender is questioned, the decision of the Principal as to the student's gender will be accepted by the PIAA and thus, the decision is under CSD's purview. (ECF No. 1 at ¶ 24). Due to this response, Plaintiff alleges that the Principal of PWHS "decided that the biological male was a biological female and allowed to compete with the females." (ECF No. 1 at ¶ 25).

Subsequently, on December 13, 2024, Plaintiff alleges that A.M. was "subjected to violations of her equal protection rights when she had to compete against L.A. again in the 4x400 during the DVGTCA meet." (ECF No. 1 at ¶¶ 31, 32). Plaintiff then contends that "A.M. was harmed by the Defendants' actions," without any explanation of how A.M. was harmed. (ECF No. 1 at ¶ 33).

---

[1] Count I of Plaintiff's Complaint also alleges that the United States Department of Education, the Pennsylvania Interscholastic Athletic Association, Inc, and Quakertown Community School District violated the Fourteenth Amendment. (ECF No. 1).

Based on the above facts, Plaintiff purports to assert a cause of action against CSD under Section § 1983 based upon the aforesaid alleged violations of the Fourteenth Amendment. Plaintiff alleges that because A.M. competed against L.A. in two races, one of which she has plead absolutely no facts about the result of the race, A.M. was "damaged", and her Fourteenth Amendment rights were violated. Plaintiff has not plead any facts as to how A.M. has been damaged as a result of these two races but seeks damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress.

## II. STATEMENT OF THE QUESTION INVOLVED

1. Should this Court dismiss Count I of Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) because Plaintiff has failed to demonstrate that CSD violated 42 U.S.C. § 1983 pursuant to the Fourteenth Amendment?

Suggested Answer: Yes.

## III. SUMMARY OF ARGUMENT

In Count I of Plaintiff's Complaint,[2] Plaintiff purports to assert that CSD violated A.M.'s Fourteenth Amendment Equal Protection rights, or as an alternative, Fourteenth Amendment Retaliation. Defendant CSD respectfully requests this Court to dismiss Plaintiff's Complaint because Plaintiff's claim fails as a matter of law. Plaintiff has failed to allege sufficient facts to give rise to any claim under Fourteenth Amendment Equal Protection or Fourteenth Amendment Retaliation.[3]

---

[2] Count II of Plaintiff's Complaint is asserted against the United States Department of Education and does not include CSD.
[3] CSD acknowledges the Court's position that CSD student L.A. should have been joined as a party in its ruling on Plaintiff's Motion for a Temporary Restraining Order. (ECF No. 15). However, the District is not moving to dismiss the Complaint under Fed. R. Civ. Pro. 12(b)(7) for failure to join a party under Rule 19 because CSD is hesitant to join one of its students as a defendant, which would require the student to retain counsel.

IV.  **ARGUMENT**

  A.  **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). Relatedly, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2); *Niblett v. Exp. Realty, LLC*, No. 1:21-CV-01345, 2022 WL 4348452, at *3 (M.D. Pa. Sept. 19, 2022) (Wilson, J.). In *Ashcroft v. Iqbal,* the Supreme Court explained that Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see Gerber v. Dauphin Cnty. Tech. Sch.*, No. 1:23-CV-2039, 2024 WL 1520965, at *3 (M.D. Pa. Apr. 8, 2024) (Bloom, M.J.) ("a court is not required to accept legal conclusions or a formalistic recitation of the elements of a cause of action") (internal citations, quotation marks, and alterations omitted)).

Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To state a claim that is plausible on its face, the plaintiff must "plead[] factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Determining whether a complaint states a plausible claim for relief is "a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

Courts within the Third Circuit use a three-step process to determine whether a complaint contains sufficient factual allegations. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). These steps include: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Doe v. Casino*, 381 F.Supp.3d 425, 428 (E.D.Pa. 2019) (internal citations and quotation marks omitted); *see also Niblett*, 2022 WL 4348452, at *3. "Mere restatements of the elements of a claim are not entitled to assumption of truth." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (citations omitted). Furthermore, the plaintiff's conclusory allegations and legal conclusions do not enjoy the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Anspach v. City of Philadelphia*, 503 F.3d 256, 260 (3d Cir. 2007) (recognizing that conclusory allegations or legal conclusions masquerading as factual allegations will not prevent dismissal).

Thus, a court must dismiss a complaint, where as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "Factual allegations must be enough to raise a right to relief above the speculative level…." *Twombly*, 550 U.S. at 555. Further, the complaint must set forth "some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint should be dismissed. *See Iqbal*, 556 U.S. at 678-79.

### B.  PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER WHICH RELIEF CAN BE GRANTED PURSUANT TO 42 U.S.C. § 1983

Plaintiff purports to state a cause of action against CSD for violation of 42 U.S.C. § 1983 based upon alleged violations of the Equal Protection Clause and Retaliation under the Fourteenth Amendment. To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the United States Constitution and/or laws of the United States and show that the deprivation allegedly suffered was committed by a person acting under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Morrow v. Balaski*, 719 F.3d 160, 165–66 (3d Cir. 2013). Further, *Monell v. Dep't of Soc. Svcs.* established that a local government may not be sued under § 1983 using a *respondeat superior* theory; instead, liability must be founded upon evidence that the government unit itself supported a violation of constitutional rights. 436 U.S. 658, 691-95 (1978); *see also Watson v. Abington Twp.,* 478 F.3d 144, 155 (3d Cir. 2007); *Bielevicz v. Dubinon*, 915 F.2d 845, 849-50 (3d Cir. 1990).  Municipal liability only attaches when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  *Monell,* 436 U.S. at 694; *Bielevicz*, 915 F.2d at 850. The Supreme Court has reaffirmed that "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 405 (1997).

Therefore, to establish a § 1983 violation, Plaintiff must allege facts sufficient to establish that CSD, acting under color of state law, deprived A.M. of a right secured by the Constitution and/or by a law of the United States. *See Robb v. City of Philadelphia*, 733 F.2d 286, 290–91 (3d Cir.1984). In order to state such a claim against CSD, Plaintiff must allege facts to demonstrate: (1) the deprivation of a constitutional right; and (2) that such deprivation arose out of an official

policy or custom of CSD. *See Green v. Chester Upland Sch. Dist.,* 89 F. Supp. 3d 682, 688 (E.D. Pa. 2015), aff'd sub nom. *A.G. v. Chester Upland Sch. Dist.*, 655 F. App'x 125 (3d Cir. 2016).

        1.        <u>Plaintiff Has Not Alleged Facts to Demonstrate that CSD Deprived A.M. of Equal Protection under the Fourteenth Amendment</u>

Plaintiff has not alleged facts to demonstrate any deprivation of a constitutional right—namely the equal protection clause. Under the Fourteenth Amendment, no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. *Reisinger v. Luzerne Cty.*, 712 F. Supp. 2d 332, 355 (M.D. Pa. 2010), aff'd sub nom. *Reisinger v. Cty. of Luzerne*, 439 F. App'x 190 (3d Cir. 2011); *quoting City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To state a § 1983 claim based on a violation of the Equal Protection Clause, a plaintiff must allege "the existence of purposeful discrimination and that [she] received different treatment from that received by other individuals similarly situated." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990; *see also Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 196 (3d Cir. 2009).

To meet the prima facie elements of an equal protection claim based on membership in a protected class, such as gender or sex, Plaintiff must plead facts that would establish that (1) A.M. is a member of a protected class; (2) that A.M. was treated differently from similarly situated individuals; and (3) that this disparate treatment was based on A.M.'s membership in the protected class in order to survive a motion to dismiss. *Green,* 89 F. Supp. 3d at 693; *see Kasper v. Cnty. of Bucks*, 514 Fed.Appx. 210, 214 (3d Cir. 2013) (*citing Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990)).[4] Moreover, the complaint must allege "'the existence of purposeful

---

[4] While Plaintiffs do not plead any facts or mention disparate impact in the Complaint, a disparate impact equal protection argument would also fail. The Constitution protects only against intentional discrimination, and disparate impact claims are rooted in allegations of unintentional discrimination, so they are not actionable under Section 1983. *See Dunleavy v. New Jersey*, No. Civ. No. 05-3865(DRD), 2008 WL 199467, at *5 n.2 (D.N.J. Jan. 18, 2008)

7

discrimination.'" *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 273 (3d Cir. 2014) (*quoting Andrews*, 895 F.2d at 1478); *see also Espinoza v. Lindsay*, 500 Fed.Appx. 123, 125 (3d Cir. 2012) (dismissing an equal protection claim because the facts alleged did not "give rise to a plausible inference that the denial ... was the result of purposeful discrimination" (citing *Iqbal*, 556 U.S. at 680-82)).

Plaintiff failed to allege any facts that A.M. was the victim of purposeful discrimination or that she was treated differently from similarly situated individuals because of a protected characteristic. In fact, the word "different" only appears in Plaintiff's Complaint within a quote related to sports organizations. (ECF No. 1 at ¶ 24). Plaintiff's claim is wholly predicated on the bare legal conclusion that A.M. was "subjected to violations of her equal protection rights" when she had to compete against L.A. in two separate races. (ECF No. 1 at ¶¶ 31, 42). There are no further factual allegations that could lend plausibility to her equal protection claim. The Complaint is completely devoid of *any* facts to support a claim of a violation of Equal Protection and relies solely on conclusory allegations and legal conclusions. Based on the facts in the complaint and the absence of requisite facts to establish any violation of A.M.'s right to equal protection, the Court cannot find that A.M. received different treatment on the basis of any protected characteristic in violation of the equal protection clause. Thus, Plaintiff has failed to meet prong one of the two prong test.

   2. <u>Plaintiff Has Not Alleged Facts to Demonstrate that CSD Retaliated Against A.M. under the Fourteenth Amendment</u>

Plaintiff states an alternative cause of action to Count 1 as "Fourteenth Amendment Retaliation." (ECF No. 1). The Third Circuit has not recognized such a claim and thus, this

---

("[D]isparate impact claims are actionable only under Title VII (and not § 1983, since constitutional substantive due process protects only against intentional discrimination) ....").

claim fails. *See Thomas v. Indep. Twp.*, 463 F.3d 285, 297–98 & n.6 (3d Cir. 2006) (noting "[a] pure or generic retaliation claim [ ] simply does not implicate the Equal Protection Clause" (quoting *Watkins v. Bowden*, 105 F.3d 1344, 1354–55 (11th Cir. 1997))); *Blakney v. City of Phila.*, No. 12-6300, 2013 WL 2411409, at *12–13 (E.D. Pa. June 4, 2013); *Marion v. City of Philadelphia*, 161 F. Supp. 2d 381, 386 n.2 (E.D. Pa. 2001) (noting retaliation claims brought under § 1983 and the Equal Protection Clause must fail). This is consistent with the position of most other circuits who have considered this question. *See, e.g., R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 440 (6th Cir. 2005) ("[Plaintiff's] retaliation claim does not ... arise under the Equal Protection Clause."); *Boyd v. Ill. State Police*, 384 F.3d 888, 898 (7th Cir. 2004); *Ratliff v. DeKalb County*, 62 F.3d 338, 340 (11th Cir. 1995) ("The right to be free from retaliation [for making complaints of discrimination] is clearly established as a first amendment right and as a statutory right under Title VII; but no clearly established right exists under the equal protection clause to be free from retaliation.").

Not one fact is plead in the Complaint related to Fourteenth Amendment Retaliation—a claim that automatically fails because it has not been recognized by the Third Circuit. Thus, because Plaintiff's Complaint is devoid of any facts plead related to retaliation and such a claim is not recognized by the Third Circuit, Plaintiff has again failed to meet prong one of the two prong test.

      3.    <u>Plaintiff Has Not Alleged Facts to Demonstrate That Any Constitutional Deprivation Arose out of an Official Policy or Custom of CSD</u>

To establish the second prong, a plaintiff must show a policy existed "when a 'decision maker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict," while a custom is a practice that is "so permanent and well-settled as to virtually constitute law." *Watson*, 478 F.3d at 155-56; *Beck v. City of*

*Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (*quoting Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)).

Here, Plaintiff has failed to identify a single custom, policy, or procedure of CSD that purportedly caused harm to A.M., and as a result, this claim fails. Instead, Plaintiff relies entirely on a vague statement from the QCHS Athletic Director who explained that the decision for which team student athletes compete under the PIAA bylaws is the decision of CSD administration and a statement that the Principal of PWHS, an employee, decided what team L.A. would compete on. (ECF No. 1 at ¶¶ 24, 25). Thus, because Plaintiff can meet neither prong of the § 1983 analysis, Plaintiff has failed to state a claim under which relief can be granted pursuant to 42 U.S.C. § 1983 and the Complaint should be dismissed against CSD.

V. **CONCLUSION**

For all of the foregoing reasons, Defendant Colonial School District respectfully requests the Court to dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted:

Date: March 28, 2025

FOX ROTHSCHILD LLP

By:_____
Michele Mintz, Esquire
Attorney I.D. #90640
Alexis J. Spurlock, Esquire
Attorney I.D. #322579
980 Jolly Road, Suite 110
P.O. Box 3001
Blue Bell, PA 19422-3001
(215) 397-2237
Fax: (215) 397-0450
mmintz@foxrothschild.com
aspurlock@foxrothschild.com
*Attorneys for Colonial School District*

10