IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLLY MAGALENGO on behalf of her daughter, A.M., a minor, | : <br> : <br> : |
| Plaintiff | : <br> : <br> : |
| v. | : NO. 2:25-CV-00325 <br> : |
| UNITED STATES DEPARTMENT OF EDUCATION, PENNSYLVANIA INTERSCHOLASTIC ATHLETIC ASSOCIATION, INC., QUAKERTOWN COMMUNITY SCHOOL DISTRICT, and COLONIAL SCHOOL DISTRICT, | : <br> : <br> : JURY TRIAL DEMANDED <br> : <br> : <br> : <br> : |
| Defendants | : |

## **ORDER**

AND NOW this _____ day of _____ 2025, upon consideration of Defendant Pennsylvania Interscholastic Athletic Association, Inc.'s Motion to Dismiss the Complaint filed by Plaintiff Holly Magalengo on behalf of her daughter A.M., a minor, and any responses thereto, it is hereby ORDERED that the Motion is GRANTED. The Complaint is hereby DISMISSED with prejudice.

BY THE COURT:

_____
Wendy Beetlestone, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLLY MAGALENGO on behalf of her daughter, A.M., a minor, | : |
| | : |
| Plaintiff | : |
| | : |
| | : |
| v. | : NO. 2:25-CV-00325 |
| | : |
| UNITED STATES DEPARTMENT OF EDUCATION, PENNSYLVANIA INTERSCHOLASTIC ATHLETIC ASSOCIATION, INC., QUAKERTOWN COMMUNITY SCHOOL DISTRICT, and COLONIAL SCHOOL DISTRICT, | : |
| | : |
| | : JURY TRIAL DEMANDED |
| | : |
| | : |
| | : |
| | : |
| Defendants | : |

**DEFENDANT PENNSYLVANIA INTERSCHOLASTIC ATHLETIC ASSOCIATION, INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(6)**

Defendant Pennsylvania Interscholastic Athletic Association, Inc. ("PIAA"), by and through its counsel, McNees Wallace & Nurick LLC, hereby files this Motion to Dismiss the Complaint filed by Plaintiff Holly Magalengo on behalf of A.M., a minor ("Magalengo"), pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, PIAA submits this Motion, along with its contemporaneously filed Brief in Support, and asserts as follows:

**I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY**

1.   On January 20, 2025, Magalengo initiated this action by filing a Complaint against the United States Department of Education ("Department of Education"),[1] PIAA, Quakertown Community School District ("Quakertown"), and Colonial School District, which is the school district for Plymouth Whitemarsh High School ("PWMHS") (together, "Colonial"). (ECF No. 1).

---

[1]   The Department of Education was dismissed from this action by Order dated March 4, 2025.  (ECF No. 22).

2. The Complaint sets forth two claims, one of which was against the Department of Education only.

3. The remaining claim (Count I) is asserted against the remaining Defendants under 42 U.S.C. § 1983 ("Section 1983") for purported violations of the Fourteenth Amendment to the United States Constitution.

A. <u>Allegations in the Complaint</u>

4. A.M., a "biological female," is a senior at Quakertown Community High School and competes as a member of the school's girls' cross-country team. (ECF No. 1, Complaint ¶¶ 37, 11).

5. On September 11, 2024, A.M. competed in a cross-country meet at PWMHS against L.A., a "biological male." (ECF No. 1, Complaint ¶¶ 14, 17).

6. L.A. placed first in the race while A.M. placed second. (ECF No. 1, Complaint ¶ 20).

7. After the race, A.M.'s parents reached out to Quakertown "for support in removing biological males from competing in female sports and protecting female athletes." (ECF No. 1, Complaint ¶ 23).

8. Quakertown's athletic director responded by explaining that interscholastic athletic "governing bodies have various policies in place" aimed at "create[ing] an environment where all athletes can compete" and cited, as applicable in this instance, PIAA's Mixed Gender Participation Policy located at Article XVI, Section 4, Paragraph E of PIAA's Bylaws." (ECF No. 1, Complaint ¶ 24).

9. At the time the Complaint was filed, PIAA's Mixed Gender Participation Policy provided that "[w]here a student's gender is questioned or uncertain, the decision of the Principal as to the student's gender will be accepted by the PIAA." (ECF No. 1, Complaint ¶ 24).

10. According to Magalengo, the Principal of PWMHS "decided that the biological male was a biological female and allowed to compete with the females." (ECF No. 1, Complaint ¶ 25).

11. Subsequent thereto, on December 13, 2024, A.M. and L.A. again competed against each other during a meet. (ECF No. 1, Complaint ¶ 31).

12. Based upon the foregoing, Magalengo brings a claim under Section 1983 against PIAA, Quakertown, and Colonial for purported violations of the Fourteenth Amendment to the United States Constitution.

13. Magalengo submits that it was a violation of A.M.'s "equal protection rights" for A.M. to have to compete against L.A. at the meets on September 11, 2024 and December 13, 2024, and that A.M. was "damaged" "[a]s a result of Defendants' actions." (ECF No. 1, Complaint ¶¶ 31, 42).

14. Plaintiff further states that "PIAA took PWMHS's stance that the biological male was in fact a biological female." (ECF No. 1, Complaint ¶ 27).

15. Magalengo does not set forth in the Complaint how A.M. was purportedly damaged. Nonetheless, Magalengo seeks damages for "financial loss, physical harm, humiliation, mental anguish, and emotional distress." (ECF No. 1, Complaint at Wherefore Clause (a)).

16. Additionally, Magalengo seeks an "injunction to prohibit Defendants from further infringement on [A.M.]'s constitutional rights," an award "for all costs sustained in connection with the prosecution of this action, including attorneys' fees," and "such other relief as justice requires." (ECF No. 1, Complaint at Wherefore Clause (b)-(d)).

B.    Relevant Procedural History

17.    Colonial filed a Motion to Dismiss Magalengo's Complaint on March 28, 2025. (ECF No. 26).

18.    PIAA's now submits the instant Motion along with a Brief in Support thereof.

## II.    MOTION TO DISMISS

19.    Rule 12(b)(6) specifically provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. C. P. 12(b)(6).

20.    A motion to dismiss filed under Rule 12(b)(6) "tests the sufficiency of the complaint." *Friedman v. Lansdale Parking Auth.*, 151 F.R.D. 42, 43 (E.D. Pa. 1993).

21.    In considering whether to grant a motion to dismiss, courts must "determine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Morales v. Wetzel*, 519 F. Supp. 3d 186, 189 (E.D. Pa. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

22.    "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient 'to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Bennett v. Republic Servs., Inc.*, 179 F. Supp. 3d 451, 454 (E.D. Pa. 2016) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

23.    The Third Circuit requires a three-step analysis to determine whether a complaint sets forth sufficient factual allegations to support a claim. *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903-04 (3d Cir. 2021).

24.    The three-step analysis requires courts to: (1) "tak[e] note of the elements a plaintiff must plead to state a claim;" (2) "identify allegations that . . . 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s];'" and

(3) evaluate whether the "well-pleaded factual allegations . . . plausibly give rise to an entitlement to relief." *Id.* at 904 (citations omitted).

25. In evaluating whether the factual allegations support the claim for relief, courts "accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

26. A motion to dismiss filed under Rule 12(b)(6) "should be granted when it appears to a certainty that no relief can be granted under any set of facts which could be proved." *Nichole Med. Equip. & Supply, Inc. v. TriCenturion, Inc.*, 694 F.3d 340, 350 (3d Cir. 2012).

    A. <u>Magalengo Failed to State a Claim Against PIAA Upon Which Relief Can Be Granted Under 42 U.S.C. § 1983.</u>

27. Magalengo asserts a claim against PIAA under 42 U.S.C. § 1983. (ECF No. 1, Complaint ¶ 35).

28. "In order to state a viable [S]ection 1983 claim, [a] plaintiff must plead two essential elements with specificity: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that [the] defendant's conduct deprived [the] plaintiff of a right, privilege, or immunity secured by the United States Constitution or law of the United States." *Pokrandt v. Shields*, 773 F. Supp. 758, 765 (E.D. Pa. 1991).

29. Thus, to prevail at the motion to dismiss stage, Magalengo must have alleged facts in the Complaint sufficient to establish that PIAA, acting under color of state law,[2] deprived A.M. of a right, privilege, or immunity secured by the Constitution or law of the United States.

30. A.M. has no right to participate in interscholastic athletic programs. *Dunmore Sch. Dist. v. Pa. Interscholastic Athletic Ass'n*, 505 F. Supp. 3d 447, 463 (M.D. Pa. 2020) (setting forth "that there is no constitutional right to participate in interscholastic athletic programs."); *see*

---

[2]     PIAA, like any other person or entity under certain circumstances, has been deemed a state actor acting under the color of state law. *See, e.g., Holmes v. Pennsylvania Interscholastic Athletic Ass'n*, 2006 WL 8458627, *5-6 (E.D. Pa. 2006).

5

*also Angstadt v. Mid-W. Sch. Dist.*, 377 F.3d 338, 344 (3d Cir. 2004) (recognizing that "no property interest exists in participation in extracurricular activities, including sports, as a general principle, under the United States Constitution."); *Chapman v. Pa. Interscholastic Athletic Ass'n*, 2014 WL 2770699, at *7 (M.D. Pa. 2014); *Bassett v. Pa. Interscholastic Athletic Ass'n, Inc.*, 2022 WL 420594, at *9 (W.D. Pa. 2022).

31. Under the facts plead and the claim asserted, Magalengo cannot show violation of a constitutional right because A.M. has no right to an athletic opponent of her choice.

32. As such, Magalengo cannot maintain a Section 1983 claim arising from her participation in interscholastic athletic programs. *One Three Five, Inc. v. City of Pittsburgh*, 951 F. Supp. 2d 788, 809 (W.D. Pa. 2013) ("[A] plaintiff cannot prevail without establishing an underlying violation of a federal constitutional or statutory right.").

33. Even if this Court determines that Plaintiff has at the very least asserted the basic elements for relief under a Section 1983 claim, Magalengo has not alleged facts to demonstrate deprivation of A.M.'s right to equal protection as alleged. (ECF No. 1, Complaint ¶¶ 31, 42).

34. The Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend XIV, § 1.

35. "A traditional Fourteenth Amendment equal protection claim requires plaintiffs to plead, among other things, that they are members of a protected class or group." *Hynoski v. Columbia Cnty. Redevelopment Auth.*, 941 F. Supp. 2d 547, 566 (M.D. Pa. 2013). Furthermore, "[t]o bring a successful claim under [Section 1983] for a denial of equal protection, [a] plaintiff[] must prove the existence of purposeful discrimination" by demonstrating that she "receiv[ed] different treatment from that received by other individuals similarly situated." *Keenan v. City of Philadelphia*, 983 F.2d 459, 465 (3d Cir. 1992) (quoting *Andrews v. Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990)).

36. Magalengo does not specifically indicate in the Complaint that A.M. is a member of a protected class.

37. However, she does indicate that she is a "biological female"; thus, her claim against PIAA, Quakertown, and Colonial is based on the assertion that it was violative of the Constitution for A.M., as a "biological female," to have to compete against a transgender female student. (ECF No. 1, Complaint ¶¶ 37-42). Therefore, A.M. alleges she was discriminated against based upon her sex or gender.

38. To prevail on a claim of sex or gender discrimination, "a plaintiff must show that any disparate treatment was based upon h[er] gender" or sex. *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005); *see also Hiester v. Fischer*, 113 F. Supp. 2d 742, 746 (E.D. Pa. 2000) ("In order to prevail on an equal protection claim for sex discrimination, a female plaintiff must prove 'that she was subjected to "purposeful discrimination" because of her sex.'" (quoting *Robinson v. City of Pittsburgh*, 120 F. 3d 1286, 1293 (3d Cir. 1997))).

39. Stated differently, "a female plaintiff bears the burden of showing that her 'sex' was a substantial factor in the discrimination and that if she had been a male, she would not have been treated in a similar manner." *Id.* at 747 (quoting *Kent v. Henderson*, 77 F. Supp. 2d 628, 635 (E.D. Pa. 1999)).

40. Magalengo does not explicitly allege in the Complaint that A.M. was the victim of purposeful discrimination or that she received different treatment from similarly situated individuals nor does Magalengo allege facts that could support a finding that A.M. was the victim of purposeful discrimination or that she received different treatment from similarly situated individuals.

41. Instead, Magalengo's claim against PIAA is based on the bald assertion that A.M. was "subjected to violations of her equal protection rights" when she had to compete against L.A. at two separate meets on September 11, 2024 and December 13, 2024. (ECF No. 1, Complaint ¶¶ 31, 42).

42. Magalengo's "conclusory allegations that" PIAA "violated [A.M.'s] constitutional rights are not actionable" under Section 1983, *Tatel v. Mt. Lebanon Sch. Dist.*, 637 F. Supp. 3d 295, 332-33 (W.D. Pa. 2022), and are not sufficient to "survive a motion to dismiss," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

43. Accordingly, the Complaint should be dismissed because Magalengo does not set forth any facts to support the claim under Section 1983 that A.M.'s equal protection rights under the Fourteenth Amendment were violated.

44. In addition to the claim that A.M.'s equal protection rights were violated, Magalengo purports to bring an alternative claim under the Fourteenth Amendment for retaliation. (ECF No. 1, Complaint at 5).

45. Although this alternative claim is set forth in the heading of Count I of the Complaint, it is not otherwise discussed or referenced anywhere else in the Complaint. Furthermore, there do not appear to be any factual allegations in support of the claim.

46. More importantly though, the Third Circuit does not recognize retaliation claims as actionable under the equal protection clause. *Thomas v. Indep. Twp.*, 463 F.3d 285, 298 n.6 (3d Cir. 2006) (setting forth that "[a] pure or generic retaliation claim [] simply does not implicate the [e]qual [p]rotection [c]lause.") (quoting *Watkins v. Bowden*, 105 F.3d 1344, 1354-55 (11th Cir. 1997)); *Brennan v. City of Philadelphia*, 2018 WL 4566134, at *6 (E.D. Pa. 2018).

47. Accordingly, regardless of the lack of facts supporting the claim, Magalengo's retaliation claim fails as a matter of law as retaliation is not actionable under the Fourteenth Amendment.

48. Magalengo's claim and alternative claim against PIAA should be dismissed with prejudice because any amended claim against PIAA "would not survive a motion to dismiss for failure to state a claim." *Greiser v. Drinkard*, 516 F. Supp. 3d 430, 436 (E.D. Pa. 2021) (quoting *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014)).

WHEREFORE, for the reasons set forth above as well as in the Brief in Support of this Motion filed contemporaneously herewith, Pennsylvania Interscholastic Athletic Association, Inc. respectfully requests this Court dismiss with prejudice the Complaint filed by Plaintiff Holly Magalengo on behalf of A.M., a minor, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

McNEES WALLACE & NURICK LLC

By: _____
Dana W. Chilson
PA I.D. No. 208718
Austin D. Hughey
PA I.D. No. 326309
100 Pine Street, P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 232-8000
dchilson@mcneeslaw.com
ahughey@mcneeslaw.com

Dated: April 11, 2025

*Counsel for Defendant Pennsylvania Interscholastic Athletic Association, Inc.*

9

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused the foregoing document to be served on the following through the ECF system:

Solomon Radner, Esq.
The Law Office of Keith Altman
solomonradner@kaltmanlaw.com

Devon M. Jacob, Esq.
Jacob Litigation, Inc.
djacob@jacoblitigation.com

*Counsel for Plaintiff*

Michele Mintz, Esq.
Alexis J. Spurlock, Esq.
Fox Rothschild LLP
mmintz@foxrothschild.com
aspurlock@foxrothschild.com

*Counsel for Defendant Colonial School District*

Michael I. Levin, Esq.
James J. Musial, Esq.
Levin Legal Group
mlevin@levinlegalgroup.com
jmusial@levinlegalgroup.com

*Counsel for Defendant Quakertown Community School District*

McNEES WALLACE & NURICK LLC

By: _____
Dana W. Chilson
PA I.D. No. 208718

Dated: April 11, 2025            *Counsel for Defendant Pennsylvania Interscholastic Athletic Association*