UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AISLIN MAGALENGO,**  *Plaintiff,*  v.  **PENNSYVANIA INTERSCHOLASTIC ATHLETIC ASSOCIATION, INC., QUAKERTOWN COMMUNITY SCHOOL DISTRICT, and COLONIAL SCHOOL DISTRICT,**  *Defendants.* | CASE NO. 2:25-cv-00325 |

### PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT

NOW COMES Plaintiff, by and through counsel and respectfully file this Motion for Entry of Final Judgment.

1. Plaintiff initiated this lawsuit on January 20, 2025. [ECF 001].

2. On August 1, 2025, the Court issued an Order [ECF 051] dismissing Plaintiff's Amended Complaint as follows:

   a) Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as to her Title IX claims against PIAA and Colonial.

   b) Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as to her Title IX claim against Quakertown, insofar as it is premised on transgender girls' participation in

        athletics.

    c)     Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE as to her Title IX claim against Quakertown, insofar as it is premised on transgender girls using girls' bathrooms and locker rooms.

    d)     Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE as to any requests for punitive damages under Title IX.

    e)     Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE as to her claims brought against all Defendants under 42 U.S.C. § 1983.

3.     A Final Judgement has not yet been entered.

4.     On September 5, 2025, Plaintiff filed a Notice of No Intent to Amend under Fed. R. Civ. P. 15. [ECF 054].

5.     On August 29, 2025, Plaintiff filed Notice of Appeal to the United States Court of Appeals for the Third Circuit. [ECF 052].

6.     As such, Plaintiff respectfully requests that this Honorable Court issue a Final Judgement in the present case.

7.     Without entry of a Final Judgment, The Third Circuit does not have jurisdiction to review the issues in the present matter. Courts of Appeals "shall have jurisdiction of appeals from all final decisions of the district courts." 28 USCS § 1291.

8.     A dismissal without prejudice is not considered a final decision for purposes of appeal when a plaintiff has the opportunity to amend the complaint.

9. Rule 54(a) defines "judgment" as including "any order from which an appeal lies." Fed. R. Civ. P. 54.

10. This Court has the authority under Rule 59 to alter or amend a judgment. Fed. R. Civ. P. 59.

11. Converting the dismissal without prejudice to a final judgment would serve judicial economy by allowing Plaintiff to seek appellate review rather than filing a new action.

12. Before filing this Motion, counsel for Plaintiff and Defendants conferred on the relief requested herein from Plaintiff's counsel in accordance with the local rules on September 4, 2025.

13. Defendants' counsel has not provided concurrence in the relief sought by the filing of the present motion.

WHEREFORE, Plaintiff respectfully requests that the Court issue a Final Judgment.

Dated: September 16, 2025            Respectfully submitted,

*/s/ Keith Altman*
Keith Altman, Esq.
THE LAW OFFICE OF KEITH ALTMAN
30474 Fox Club Drive
Farmington Hills, MI 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered parties to this action.

/s/ *Keith Altman*